IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TYRONE ANTONIO WEST, #293022     *
           Plaintiff,
     v.     *   CIVIL ACTION NO. RDB-06-224

LAWRENCE B. ROSENBERG, P.A.     *
           Defendant.
                                ***

**MEMORANDUM OPINION**

Plaintiff has resubmitted his 42 U.S.C. § 1983 civil rights Complaint against his privately retained defense attorney. The identical cause of action was filed by Plaintiff and dismissed by the Court as legally frivolous under 28 U.S.C. § 1915(e).[1] *See West v. Rosenberg*, Civil Action No. RDB-05-2548 (D. Md. 2005). No appeal was filed.

In his re-filed Complaint, Plaintiff again claims that in 1998 he retained Lawrence Rosenberg to represent him before the Circuit Court for Baltimore City.[2] (Paper No. 1). He complains that Rosenberg was paid $3,500.00, but never showed up to represent him or to take any action on his behalf. (*Id.*). Plaintiff asserts that when he appeared in court, Marc Minkove showed up as his attorney. (*Id.*). He claims that he was mistrustful of Mr. Minkove and believes that Defendant "sold [him] out" to the State's Attorney's Office. (*Id.*).

---

[1] The jurisdictional and threshold requirements of §1983 civil actions are that a substantial federal question be asserted and that the named defendants be acting "under color of" state law. *See* 28 U.S.C. §§ 1343(a)(3) and (4); *West v. Adkins*, 487 U.S. 42, 49 (1988); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928-930 (1982). A defense attorney represents only his client, not the state. *See Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Deas v. Potts*, 547 F.2d 800 (4th Cir. 1976). This Court therefore concluded that Defendant Rosenberg does not act "under color of" state law and is not amenable to suit under §1983. *See West v. Rosenberg*, Civil Action No. RDB-05-2548 at Paper Nos. 3 & 4.

[2] Plaintiff states that Rosenberg did represent him in a separate criminal matter in the Circuit Court for Baltimore City, but that Defendant mistakenly led him to believe that if he pled guilty he would receive a five-year sentence. (Paper No. 1 at 5). Plaintiff in fact received a cumulative seventeen-year sentence. *See West v. Stouffer*, Civil Action No. RDB-04-223 (D. Md. 2004).

This Complaint shall be dismissed for the failure to state a claim under 28 U.S.C. § 1915(e).[3] Under the doctrine of *res judicata*, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153 (1979). Because Plaintiff brought his first suit against Rosenberg in federal court, federal rules of *res judicata* apply. *See Shoup v. Bell & Howell Co.*, 872 F.2d 1178, 1179 (4th Cir.1989). "To establish a *res judicata* defense, a party must establish: (1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. SEC*, 115 F.3d 1173, 1178 (4th Cir.1997) (internal quotation marks omitted). The dismissal of Plaintiff's prior lawsuit against Lawrence Rosenberg under § 1915(e) constitutes an adjudication on the merits for purposes of *res judicata*. *See Denton v. Hernandez*, 504 U.S. 25, 34 (1992). Because the instant action simply reasserts the same claims and causes of action against Defendant and arises out of the same facts as asserted in the prior suit, it is barred by *res judicata*.

Plaintiff's § 1983 Complaint shall be dismissed pursuant to 28 U.S.C. §1915(e).[4] Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues

---

[3] Because he appears indigent, Plaintiff's Request to Proceed In Forma Pauperis shall be granted.

[4] 28 U.S.C. § 1915(e)(2) states that:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–

    (A)  the allegation of poverty is untrue; or
    (B)  the action or appeal--
    (i)  is frivolous or malicious;
    (ii)  fails to state a claim on which relief may be granted; or
    (iii)  seeks monetary relief against a defendant who is immune from such relief.

to file federal civil rights actions that are subject to dismissal under §1915(e) or Rule 12(b)(6).[5]  A separate Order follows.


Date:   January 31, 2006              /s/
                                      RICHARD D. BENNETT
                                      UNITED STATES DISTRICT JUDGE

---

[5]     28 U.S.C. § 1915(g) states as follows:

    In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

    As the Court interprets this provision, once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions in forma pauperis, absent extraordinary circumstances.